# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Cause No. 4:18−cr−00899−RLW−PLC−3 |
| THOMAS TISHER, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S MOTION TO SUPRESS STATEMENTS**

**COMES NOW** Defendant, Thomas Tisher, by and through his attorney, Robert Herman of Schwartz, Herman & Davidson, and for his motion to suppress statements states the court as follows:

1. On April 4, 2014, defendant Tisher was in custody at the St. Louis city medium security institution.

2. Defendant was questioned by Special Agent Damon Stephens and St. Louis police Detective Nick Weite.

3. Upon initial contact, defendant unequivocally stated that "he wish[ed] to speak with an attorney before answering any questions…."

4. The officers continued to question defendant Tisher, in violation of Edwards v. Arizona, 451 U.S. 477, 484–85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), convincing him to speak with them through the ruse of informing him that it was

1

okay to speak with the agents because they were "not there to discuss why he was locked up but rather about his historical knowledge…."

"[W]hen an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold that an accused ..., having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him …. Edwards v. Arizona, 451 U.S. 477, 484–85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). "[W]hen an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights."

*Minnick v. Mississippi*, 498 U.S. 146, 150, 111 S. Ct. 486, 489, 112 L. Ed. 2d 489 (1990)*, citing Miranda* at 484, 101 S.Ct., at 1884–1885.

5. Despite the government's reading of Defendant's Miranda rights, defendant's waiver of his Fifth Amendment privilege was not voluntary because it was obtained by the government's misrepresentation that he could speak with them without an attorney because the agents were not going to discuss issues involved in this case, implying that defendant's statements would not be used against him. See, for example,

"If the officers, fully intending to use anything Rutledge said against him, had said to him, "Tell us all you know about the drug trade, and we promise you that nothing you tell us will be used against you," then he would have a strong argument that any ensuing confession had been extracted by fraud and was involuntary. Quartararo v. Mantello, 715 F.Supp. 449, 460–61 (E.D.N.Y.), aff'd without opinion, 888 F.2d 126 (2d Cir.1989).

United States v. Rutledge, 900 F.2d 1127, 1130 (7th Cir. 1990). "[A] trick that is as likely to induce a false as a true confession renders a confession inadmissible because of its unreliability even if its voluntariness is conceded." *Aleman v. Vill. of Hanover Park*, 662 F.3d 897, 907 (7th Cir. 2011). "[M]odern courts go further and suppress, in the name of due process, even reliable confessions when the police have resorted to tactics thought likely to prevent the suspect from making a rational choice whether to confess or remain silent." *Johnson v. Trigg*, 28 F.3d 639, 641 (7th Cir. 1994).

**WHEREFORE,** defendant moves this court for an order suppressing all statements made by defendant on April 4, 2014 and any fruits of the poisonous tree resulting from these involuntary statements.

Respectfully submitted,

**SCHWARTZ, HERMAN & DAVIDSON**

By: /s/ Robert Herman
Robert Herman, Bar No. 32376MO
8820 Ladue Road, Suite 201
St. Louis, Missouri 63124
Ph: (314) 862-0200
Fx: (314) 862-3050
bherman@laduelaw.com
*Attorney for Defendant, Thomas Tisher*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 19, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the counsel of record.

By: /s/ Robert Herman